[No. 8547.   Department One.   February 5, 1910.]

ALEX. BRIDGE, *Appellant*, v. CALHOUN, DENNY & EWING,
INCORPORATED, *Respondent*.[1]

VENDOR AND PURCHASER—CONTRACT—REJECTION BY OWNER—RECOV-
ERY OF EARNEST MONEY. The action of the vendor in proffering a
deed, with notes and mortgage for the deferred payments, which
provided for attorney's fees and that the whole sum should become
due on failure to pay an installment of interest, is a refusal of the
contract made by the agent subject to his approval, where the
agent's contract fixed the time, amount, and interest of the de-
ferred payments without any provision for attorney's fees or ma-
turity of the notes in case of default; hence the vendee could
recover earnest money to be returned if the vendor did not approve
the sale.

ESTOPPEL—PLEADINGS—VENDOR AND PURCHASER. In an action by
a vendee to recover earnest money paid, the original complaint al-
leging defects in the title does not estop the plaintiff from alleging
and proving that the owner never consented to the sale, made by
defendant as agent subject to the owner's approval.

APPEAL—BOND—FORM AND AMOUNT—DISMISSAL. An appeal bond,
insufficient as a supersedeas bond, is not ground for dismissal of
the appeal, where it was not conditioned to operate as an appeal and
a supersedeas, and no attempt was made to stay the judgment, al-
though it contained some language ordinarily used in a supersedeas
bond, which was surplusage and of no evident intent or value.

[1]Reported in 106 Pac. 762.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 9, 1909, upon findings in favor of the defendant, in an action on contract tried before the court without a jury. Reversed.

*Geo. H. Bailey* and *Frank E. Green*, for appellant.
*John P. Hartman*, for respondent.

MORRIS, J.—On February 14, 1907, the parties hereto entered into a contract for the purchase and sale of certain real property then owned by John W. Lewis, residing at San Francisco, the respondent here representing the owner. The contract provided for a cash payment, and fixed the time and amount in which deferred payments should be made, and that they should bear interest at six per cent, payable semiannually. An abstract was to be furnished, and it was then stipulated that the contract was to be approved by the owners, and in case of such approval the purchaser would forfeit the cash payment, which was to be regarded as earnest money in case he did not proceed farther in accordance with the terms of the contract. The contract was not approved by the owner in the blank space provided therein, nor was his signature attached thereto in any manner except as it was made in the first instance by respondent as his agent.

The respondent prepared a deed and forwarded the same to the owner for execution, and on April 22 the deed, duly executed, was tendered appellant, together with four notes representing the deferred payments, and a mortgage to secure the same. The first three of these notes provided for an attorney's fee of $500 in case of suit, the fourth provided for an attorney's fee of $1,000, and in each there was a clause providing that, in case the interest was not paid semiannually, the whole sum of both principal and interest should immediately become due and collectible at the option of the holder of the note. The mortgage contained a similar

provision. The appellant refused to execute these notes and the mortgage, claiming the provision for an attorney's fee was not in accordance with his contract, and subsequently brought this action to recover the cash payment; and in order to state a cause of action against respondent, who was only agent of a known principal, alleged that the owner never consented to nor approved the sale. The judgment of the lower court was against him, and he appeals.

In order to bind appellant to the fulfillment of his contract, it was necessary that Lewis, the owner, should approve the contract as made for him by his agent; and the whole case hinges on whether the proffer of the deed with a demand for the execution of the notes and mortgage constituted an approval. We think not. There was no provision in the contract for the payment of $500 or $1,000 as attorney's fee. Neither was there any agreement whereby, in case of the failure to pay any installment of interest when due, the whole sum represented by the respective notes should immediately become due. These were certainly new and material stipulations; and when the owner demanded a compliance therewith, it was in effect a refusal of the contract as made by his agent, and the proffer of a sale upon new conditions. It is well recognized, when a party to a contract is to become bound by his acceptance thereof, that any change in any of the material stipulations or the injectment of new stipulations, is a rejection of the contract as offered, and the proffer of a new contract, to which the other party is not bound until his acceptance thereof. If we accept respondent's contention that the contract provided for deferred payments at fixed times, it must be assumed that such payments were to be represented by notes and mortgage to secure the same. Such assumption would not provide for the payment of a fixed sum as attorney's fee. Neither would it authorize the insertion of the clause providing for the advancement of the maturity of the notes in case of default in the payment of interest. All notes do not contain

like provisions, and notes with such stipulations could not become part of any contract until there was a binding and enforceable agreement to that effect.

Respondent contends that it is shown by the record that the contract was subsequently modified in regard to the time of the deferred payments, by respondent and Strang, acting as agent for appellant, and that this modification was assented to by Lewis, and that he tendered a proper performance of the modified contract. Assuming again that such might be the fact, there is no evidence of any modification suggesting the insertion in the contract, or the acceptance by appellant, of any such stipulation as those under discussion. Neither does the fact that in his original complaint he sought to show defects in the title, defeat his right to now contend that the terms demanded of him were not the ones agreed upon. A party to an action is entitled to any defense, either of fact or law, which may be created out of the circumstances surrounding the situation, whether discovered by himself or the attorneys whom he has employed to represent his interest, except in so far as the proper application of the rules of estoppel may deny such a plea, and there is nothing here upon which any estoppel can be predicated.

Respondent moves to dismiss the appeal upon the ground that the bond is conditioned both as a supersedeas and appeal bond and is in an insufficient amount. We do not find the bond so conditioned as to operate both as a supersedeas and appeal bond. The bond contains some language ordinarily used in a supersedeas bond, but there is no attempt made to stay the judgment, and such words are mere surplusage and of no evident intent or value. The motion to dismiss is denied, and the judgment is reversed.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.