[No. 8597.    Department Two.    July 7, 1910.]

## W. S. GILLILAND, *Appellant*, v. GERMAN-AMERICAN STATE BANK, *Respondent*.[1]

APPEAL—BOND—AMOUNT. An appeal will be dismissed where the bond, conditioned also as a supersedeas, is less than double the amount of the judgment and $200 additional.

APPEAL—FINAL ORDER. Appeal does not lie where a verdict was directed for defendant until entry of final judgment dismissing the case.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered October 26, 1909, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for damages. Dismissed.

*A. B. Wiltse* (*Samuel R. Stern*, of counsel), for appellant.

*Lovell & Davis*, for respondent.

PER CURIAM.—Action by W. S. Gilliland against the German-American State Bank, a corporation, to recover damages for its failure to devote funds to the payment and satisfaction of a certain mortgage lien. The trial judge directed a verdict in favor of the defendant. The plaintiff has appealed.

The respondent has moved to dismiss the appeal for want of a sufficient bond. The record is incomplete, containing no final judgment. There is nothing in the transcript to show that any final judgment or order of dismissal has been entered, hence there is no issue before us for consideration. The

[1]Reported in 109 Pac. 1020.

respondent in its answer brief makes the statement that a final order was entered, dismissing the action and awarding judgment in its favor for $33 costs. This statement is tacitly admitted by the appellant in the reply brief. Assuming that such a judgment was entered, the appeal would have to be dismissed, as the bond given in the sum of $200 is executed as an appeal and also as a supersedeas bond, and is insufficient in amount. Appellant cites *Bridge v. Calhoun, Denny & Ewing*, 57 Wash. 272, 106 Pac. 762, to sustain his bond and appeal; but an examination of the record in that case discloses the fact that there was nothing to supersede, as no judgment for costs appears to have been entered. This appeal cannot stand if no final judgment has been entered. *Yatsuyanagi v. Shimamura*, 57 Wash. 42, 106 Pac. 503. If one has been entered, as contended by respondent and conceded by appellant, the bond is insufficient. *Hassett v. Fraternal Brotherhood, ante* p. 161, 109 Pac. 305. In either event, the appeal must be dismissed. It is so ordered.