[No. 10683.  Department One.  February 13, 1913.]

BLANCHE E. REDDISH BORELL et al., *Respondents*, v. MAIDA T. CARSON, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—INTERLOCUTORY JUDGMENT—FINAL ORDERS. No appeal lies from an order adjudging a defendant in default for want of an answer, nor from an interlocutory order requiring the defendant to specifically perform the contract in suit and pay plaintiff the balance due on the contract within thirty days, and providing that, in the event that such order be not obeyed, the property shall be decreed to be sold to discharge a lien therefor, where no appeal was taken from such final decree entered thirty days later; since they are not final orders nor within Rem. & Bal. Code, § 1716, authorizing appeals from certain specified orders.

Appeal from orders of the superior court for Stevens county, Baske, J., entered January 15 and 29, 1912, ad-

[1]Reported in 129 Pac. 908.

judging the defendant to be in default, and directing the specific performance of a contract.　Dismissed.

*A. C. Shaw*, for appellant.

*Guy B. Groff*, for respondents.

PARKER, J.—This is an action to enforce specific performance of a contract for exchange of real property between the plaintiffs and the defendant, and to recover upon two promissory notes given by the defendant to the plaintiffs in connection with the exchange contract.　The plaintiffs seek recovery upon three causes of action pleaded in their complaint; one for recovery upon each of the promissory notes, and one for specific performance of the exchange contract and the enforcement of a lien against certain of the property on account of money paid out by them.　On January 15, 1912, the court entered an order adjudging the defendant to be in default, because of her failure to answer the complaint within the time fixed by a previous order of the court striking her second amended answer to the complaint. On January 29, 1912, after making findings of fact and conclusions of law, the court entered an interlocutory order, adjudging "that the defendant, Maida T. Carson, is hereby directed to specifically perform the contract set out and made part of the plaintiffs' third cause of action . . . that the defendant pay to the plaintiffs herein, within thirty days from this date, to wit, on or before March 1st, 1912, the sum of $1,852.10 . . . being the balance due under her contract specifically set out in plaintiffs' third cause of action, and in the event that said defendant shall not obey said order within the time specified, that the property in Stevens county, hereinbefore described, shall be decreed to be sold to discharge the said lien."　Thereafter, on January 30, 1912, notice of appeal was served upon plaintiffs' attorney, stating that the defendant appealed from the order of default of January 15, 1912, and from the order of Jan-

uary 29, 1912, the latter order being the last act of the court in the cause. Thereafter, on March 7, 1912, the defendant having failed to comply with the interlocutory order or January 29, requiring her to pay the amount of the lien found against the property, a final decree was entered, foreclosing that lien and directing sale of the property in satisfaction thereof.

Counsel for respondents moves to dismiss the appeal, on the ground that the orders attempted to be appealed from are not final orders nor orders specifically mentioned in Rem. & Bal. Code, § 1716, from which appeal may be taken to this court. We are constrained to hold that this motion must be sustained. We are of the opinion that the orders attempted to be appealed from are neither of them a final judgment in the case, nor any of those specifically mentioned in the statute from which appeal may be taken to this court. Section 1716, Rem. & Bal. Code, and our former decisions thereunder are decisive in favor of respondents' motion to dismiss the appeal. *Yatsuyanagi v. Shimamura*, 57 Wash. 42, 106 Pac. 503; *Zellar v. Siemens*, 58 Wash. 116, 107 Pac. 1054; *Gilliland v. German-American State Bank*, 59 Wash. 292, 109 Pac. 1020. It is not pretended that any appeal has ever been taken from the final decree entered in this cause, which decree was entered more than a month after the appeal which is here sought to be prosecuted was taken.

The appeal is dismissed.

CROW, C. J., CHADWICK, MOUNT, and GOSE, JJ., concur.