[No. 25705.  Department Two.  August 23, 1935.]

VERNOR H. BARTLETT *et al.*, *Appellants*, v. HERBERT W. BARTLETT *et al.*, *Respondents.*[1]

[1]Reported in 48 P. (2d) 560.

*Hart Snyder*, for appellants.

*A. O. Colburn*, for respondents.

STEINERT, J.—This is an action to compel specific performance of a written agreement made between husband and wife with reference to community property. Demurrer to the amended complaint having been sustained, and plaintiffs having elected to stand upon their pleading, the court entered a judgment dismissing the action, from which judgment plaintiffs have appealed.

The facts, as they appear from the amended complaint, are these: September 9, 1914, Elmer H. Bartlett and Ida A. Bartlett became husband and wife. Mr. Bartlett was then fifty-one years of age; Mrs. Bartlett was forty-six years of age. The appellants are the children of Mr. Bartlett by former marriages; the respondents Herbert W. Bartlett [sic] and Alice May Miller are the children of Mrs. Bartlett, also by a former marriage.

April 11, 1916, Mr. and Mrs. Bartlett entered into a written agreement which reads as follows:

"THIS AGREEMENT made and entered into this 11th day of April, 1916, by and between Elmer H. Bartlett and Ida A. Bartlett husband and wife: WITNESSETH: That whereas the parties herein named are husband and wife and have been such since the 9th day of Sep-

tember, 1914, and are and have been residents of the state of Washington, since the date of their marriage, and whereas all the property, personal and real, owned by said parties is community property, and has been acquired by them since their marriage and residence in the state of Washington; and whereas said parties desire to avail themselves of the provisions of Section 3883, Pierce Washington Code; Ballingers Code Section 5919.

"Now, therefore, in consideration of the love and affection that each of said parties has for the other, and in consideration of the mutual benefits to be derived therefrom by the parties hereto, it is hereby agreed that in the case of the death of the said Elmer H. Bartlett while the said Ida A. Bartlett survives him, every and all the property both personal and real now owned by either or both of said parties, together with any other property by them hereafter acquired, shall at once vest in the said Ida A. Bartlett *in fee simple;* and in the event of the death of said Ida A. Bartlett leaving the said Elmer H. Bartlett surviving her the whole of said property now owned by either or both of said parties, together with all property by them subsequently acquired shall at once vest in the said Elmer H. Bartlett *in fee simple.*

"In Witness Whereof, The said Elmer H. Bartlett and Ida A. Bartlett have hereunto set their hands and seals this 11th day of April, 1916.

"It Is Also Hereby Agreed, That any and all property in the possession of the survivor of the aforesaid parties shall, at the time of his or her death, be equally divided among the surviving children of said parties to this agreement, share and share alike.

"Signed and sealed in          E. H. Bartlett
the presence of                Ida A. Bartlett
Elizabeth Ward Bowen."    (Italics ours.)

The deed was acknowledged by both parties on April 17, 1916, in accordance with the statute.

It was alleged in the amended complaint that Mr. and Mrs. Bartlett did not believe, at the time that they entered into the agreement, that any children would

result from their marriage, and the fact is that none was ever born of that union.

Mr. Bartlett died May 17, 1930, and his estate was thereafter duly probated. Mrs. Bartlett died October 23, 1933, leaving a will with a codicil attached. By the codicil, Mrs. Bartlett devised an undivided interest in certain real estate to appellants. By her will, the remainder of her estate was bequeathed and devised to her own two children above named. Respondent Beutelspacher was duly appointed, and subsequently qualified, as the executor of her will. All of the real estate devised by Mrs. Bartlett, with the exception of one lot, had come to her through the probate of Mr. Bartlett's estate.

It is apparent that Mrs. Bartlett's will was not in accordance with the concluding provision of the agreement above set forth. That circumstance is the factor which has given rise to this controversy.

Section 3883, Pierce Washington Code, and § 5919, Ballinger's Code, referred to in the agreement and now appearing as Rem. Rev. Stat., § 6894 [P. C. § 1440], reads as follows:

"Nothing contained in any of the provisions of this chapter, or in any law of this state, shall prevent the husband and wife from jointly entering into any agreement concerning the status or disposition of the whole or any portion of the community property, then owned by them or afterward to be acquired, to take effect upon the death of either. But such agreement may be made at any time by the husband and wife by the execution of an instrument in writing under their hands and seals, and to be witnessed, acknowledged, and certified in the same manner as deeds to real estate are required to be, under the laws of the state, and the same may at any time thereafter be altered or amended in the same manner: Provided, however, that such agreement shall not derogate from the rights of creditors, nor be construed to curtail the powers of the

superior court to set aside or cancel such agreement for fraud, or under some other recognized head of equity jurisdiction, at the suit of either party.''

The purpose of this statute is to enable husbands and wives to enter into agreements concerning the status and disposition of their *community* property, owned by them at the time or subsequently acquired by them, the agreement to take effect upon the death of *either* husband or wife. Such agreements are two-fold in nature, contractual and testamentary. The statute with reference to such agreements permits the husband and wife to contract as to how their community property shall be disposed of and also provides the specific point of time at which such agreement respecting status and disposition shall take effect.

It is apparent, from a reading of the agreement in this case, that the parties thereto intended to avail themselves of the privilege conferred by the statute and, except for the concluding paragraph of the agreement, they meticulously followed the statutory requirements. The purpose was, and the agreement specifically so states, that, upon the death of either, the entire community property should vest in the other *in fee simple*.

A fee-simple estate is the highest estate known to the law, being an absolute one. It is an estate of inheritance and, on the death of the fee-holder, passes to his heirs generally. It is an estate which the holder may pass by deed or by will. *Arnd v. Lerch,* 162 Md. 318, 159 Atl. 587, 589; *White v. White,* 108 W. Va. 128, 150 S. E. 531, 539, 66 A. L. R. 518; *Middleton v. Dudding,* 183 S. W. (Mo.) 443, 444; 1 Tiffany on Real Property (2d ed.), § 20.

The grantor may, of course, make an exception, a reservation or a condition to his grant. In such cases, however, the grantor does not part with his full title

or dominion. But if, by his deed, he does part with full title or dominion, he cannot restrict the grantee's power of alienation.

In this case, the parties having clearly expressed and effected their purpose to vest title in fee simple to the survivor of them, neither of them could, by a subsequent provision in the instrument, restrict the right of alienation by the other. Viewed in one light, the concluding provision of the agreement itself confirms the intention of each of the parties to vest a fee-simple estate in the other. When they provided that "all property in the possession of the survivor" should, at his or her death, be equally divided among their surviving children, each thereby recognized the *jus disponendi* of the other. Indeed, the rights of the children are predicated upon the condition that the property has not been previously disposed of by the survivor. The parties having availed themselves of the right conferred by statute to vest title in fee simple upon the death of *either* of them, they could not subvert the purpose and effect of their agreement by suspending the vesting of title to a part or all of the property until after the death of *both* of them.

The matter may be approached from another angle, with the same result. If emphasis be placed, as appellants place it, upon the concluding paragraph of the agreement, we then have an attempt to accomplish by contract what may be effected only by will. Manifestly, the agreement is not a will, nor is the concluding paragraph thereof a contract to make a will, as appellants contend. On the contrary, it is simply a direction for the devolution of the property remaining undisposed of at the time of the death of both parties. To accomplish such result, the formalities of a will as prescribed by the pertinent statute are necessary. The attempt to circumvent the necessity of a will, however

honest the parties may have been in their attempt, was wholly abortive. The concluding paragraph is of no force or effect whatever.

The judgment is affirmed.

BLAKE, MITCHELL, and HOLCOMB, JJ., concur.