[No. 30290.   Department One.   October 2, 1947.]

*In the Matter of the Estate of* JOSEPHINE L. BROWN,
*Deceased.*

*In the Matter of the Guardianship of* DAVID S. BROWN,
*Incompetent.*[1]

[1]Reported in 185 P. (2d) 125.

*Burkheimer & Burkheimer* and *J. H. Buchanan,* for appellant.

*Lewis L. Stedman* (of *Stedman & Stedman*), for respondent.

MILLARD, J.—David S. Brown and Josephine L. Brown were married December 21, 1917, and remained husband and wife until death of the latter in Seattle, September 3, 1946. David S. Brown, at the time of his marriage to Josephine L. Brown, owned four parcels of real estate in King county which were still held in his name at the time of the death of his wife, Josephine L. Brown. In 1935, 1936, and

1939, Brown and wife purchased real property in King county, title to all of which property was taken in the names of Brown and wife. July 1, 1946, the Browns sold the real property purchased by them in 1935 and deposited the proceeds ($10,422.42) of the sale in their joint checking account in the name of D. S. or Josephine L. Brown in a Seattle bank, in which account on the date of the death of Mrs. Brown was a balance of $11,265.20.

At the time of the death of Mrs. Brown, the personal property belonging to the marital community consisting of Josephine L. Brown and David S. Brown was as follows:

Savings accounts, one with a balance of $2,424.07, and one in which there was a balance of $1,000, each in the name of D. S. or Josephine L. Brown, in two Seattle banks.

Another bank account of $1,043 in the name of a trustee, which was paid to the executor of the estate of Josephine L. Brown, deceased.

A checking account, referred to above, with a balance of $11,265.20 in the name of D. S. or Josephine L. Brown.

United States war savings bonds in the amount of $1,200 maturity value, payable to David S. Brown or Josephine L. Brown.

Certificate for fifty-six shares of Puget Sound Pulp and Timber Company stock in the names of David S. Brown and Josephine L. Brown.

Bearer bond of Doneen Building Company, in the amount of $1,000, due, 1952.

Household goods in Seattle.

David S. Brown, for personal injury received prior to marriage, has a disability claim for which he receives $19.56 monthly from this state's department of labor and industries.

August 27, 1930, David S. Brown and wife executed the following agreement, which was not placed of record:

"COMMUNITY AGREEMENT

"This community agreement, made in duplicate on this 27th day of August, A.D., 1930, by and between David S. Brown and Josephine L. Brown, his wife, now residing in Seattle, State of Washington, for the purpose of complying

with Section 5919 of Remington's 1915 Codes and Statutes of Washington to fix the status of their respective property and community rights,

"WITNESSETH:

"That each of the parties hereto does hereby declare to the other that all property now possessed by either, including any separate property as well as community property, shall be, and does hereby become, their joint community property, and each does hereby declare and agree with the other that all property, funds, securities, or other thing of value that shall hereafter become the property of either, including all inheritances, legacies and bequests, shall be treated and considered as community property to be managed and distributed as and for community property,—it being the intention that all property rights and properties now belonging to each of the parties hereto together with any future property rights, legacies, bequests or inheritances that may accrue to either shall be the community property of both.

"And it is further agreed that, upon the death of either of the parties hereto, all of said properties and property rights of either or both shall be their community property and the title thereto shall, upon the death of either, pass to the survivor, and become vested in such survivor as the sole, separate property of the survivor thereafter.

"In witness whereof, the parties hereto have hereunto set their hands and seals, in duplicate, on the day and year hereinabove first written.

        "(Signed)    David S. Brown   (Seal)

        "(Signed)    Josephine L. Brown   (Seal)

Signed, sealed and delivered in presence of

        "(Signed)    Fred G. Cupp.

        "(Signed)    Rose M. Cupp.

State of Washington, County of King, ss.

"This is to certify that on this 27th day of August, A.D., 1930, before me, the undersigned notary public in and for the State of Washington, duly commissioned and sworn, personally appeared David S. Brown and Josephine L. Brown, husband and wife, to me personally known to be the individuals described in and who executed the foregoing instrument, and acknowledged to me that they signed, sealed and executed the same as their free and voluntary act and deed for the uses and purposes therein mentioned.

"Witness my hand and notarial seal on the day and year in this certificate first hereinabove written.

> "(Signed)    Rose M. Cupp, formerly Rose M. Mohr, Notary Public in and for the State of Washington, residing at Seattle."

(Notarial seal)

October 8, 1937, David S. Brown executed a contract of sale and a deed, to be placed in escrow, of acreage in Kitsap county acquired by him in 1916 and prior to his marriage to Josephine L. Brown. The contract and the deed each contain a recital that the property is the separate property of David S. Brown, and that Josephine L. Brown joined in the instruments as his present wife, "she and David S. Brown having married on December 21, 1917."

Another community property agreement, reading as follows, was executed by David S. Brown and Josephine L. Brown May 26, 1943, but was not placed of record:

"COMMUNITY PROPERTY AGREEMENT

"Know all Men by These Presents:

"That we, David S. Brown and Josephine L. Brown, husband and wife, of Seattle, King County, Washington, hereby acknowledge that all property owned by them, whether standing in the name of both of them or either of them, is, by this agreement, acknowledged to be community property, and

"IT IS AGREED, that upon the death of either of them such property as they now own or may hereafter acquire from any source whatsoever, shall be considered as community property and shall, upon such death immediately become the sole property of the survivor of them.

"Dated at Seattle, Washington, May 26, 1943.

> "(Signed)    David S. Brown
> "(Signed)    Josephine L. Brown

State of Washington, County of King, ss.

"THIS IS TO CERTIFY that on this 26th day of May, 1943, before me, the undersigned notary public, duly sworn and qualified, personally appeared David S. Brown and Josephine L. Brown, his wife, to me known to be the individuals named in the foregoing Community Property Agreement and who executed the same and acknowledged to me that they signed and sealed it as their free and voluntary act and deed for the uses and purposes therein mentioned.

"GIVEN under my hand and notarial seal the day and year in this certificate first above written.

"(Signed)    Lewis L. Stedman
                "Notary Public in and for
                "the State of Washington,
(Notarial seal)        "residing at Seattle."

By her last will and testament, executed August 2, 1946, Josephine L. Brown directs payment promptly of her just debts and names Peoples National Bank trustee of the residue of the estate, the income from which is to be used for the maintenance and care of her husband, David S. Brown, after whose death the property is to be used for certain charitable purposes. This will was duly probated following the death of the testatrix September 3, 1946, and the Peoples National Bank was appointed and qualified as executor. October 24, 1946, David S. Brown was adjudged incompetent, and A. L. Burr was appointed and qualified as guardian of David S. Brown's estate.

The executor of the estate of Josephine L. Brown, deceased, and the guardian of the estate of David S. Brown, incompetent, joined in a petition to the superior court of King county to ascertain which properties, standing in the name of David S. Brown, and in the names of David S. Brown and Josephine L. Brown, his wife, at the time of the death of the wife, vested in David S. Brown as his separate property, and which properties were the community property of David S. Brown and Josephine L. Brown and subject to administration and distribution in Josephine L. Brown's estate, in accordance with her will.

The cause was tried to the court, which made the following conclusions of law, based on findings in harmony with the foregoing recital of facts: All of the property, both personal and real, is the community property of Josephine L. Brown, deceased, and David S. Brown, except the joint savings account in the Washington Mutual Savings Bank in the amount of twenty-four hundred dollars; United States war savings bonds in the amount of twelve hundred dollars; and David S. Brown's claim for injury and compensation from the department of labor and industries. De-

cree was entered adjudging title to the three items of property described above vested in David S. Brown individually, and that all of the other property and assets vested in the marital community, consisting of David S. Brown and Josephine L. Brown, and should be listed in the inventory in the estate of Josephine L. Brown, deceased, as community assets.

The guardian of the estate of David S. Brown appeals from all of the decree, except that portion which adjudges title to David S. Brown, individually, in the three items of property listed above.

On the ground that the notice of appeal is not sufficient, respondent moves to dismiss the appeal. The notice of appeal concludes with the statement that "this appeal is made pursuant to order authorizing the same in the above guardianship matter." Respondent contends that the order referred to in the notice was one entered March 11, 1947, in the guardianship proceeding, and that that order was subsequently vacated; hence the notice of appeal is not sufficient.

■■ The motion, which is based upon the assumption that leave of court is necessary to enable a guardian to appeal, is without substantial merit, as the right of a guardian to sue or defend is granted by statute and is not dependent upon permission therefor by the court. Rem. Rev. Stat., §§ 1575, 1576 [P.P.C. §§ 206-21, -23]. See *State ex rel. Nat. Bank of Commerce v. Frater*, 18 Wn. (2d) 546, 140 P. (2d) 272. If leave of court is not necessary, the statement in the notice that the appeal is made pursuant to order authorizing same is mere surplusage and of no effect. See *Bridge v. Calhoun*, 57 Wash. 272, 106 Pac. 762. The motion to dismiss the appeal is denied.

Counsel for appellant contend that the trial court erred in holding that the community property agreements executed by David S. Brown and wife were revoked by the subsequent will executed by the wife, in so far as the agreements vested title in the survivor on the death of either husband or wife. The community property agree-

ments quoted above were executed in compliance with the statute (Rem. Rev. Stat., § 6894 [P.P.C. § 434-39]) reading as follows:

"Nothing contained in any of the provisions of this chapter, or in any law of this state, shall prevent the husband and wife from jointly entering into any agreement concerning the status or disposition of the whole or any portion of the community property, then owned by them or afterward to be acquired, to take effect upon the death of either. But such agreement may be made at any time by the husband and wife by the execution of an instrument in writing under their hands and seals, and to be witnessed, acknowledged, and certified in the same manner as deeds to real estate are required to be, under the laws of the state, and the same may at any time thereafter be altered or amended in the same manner: Provided, however, that such agreement shall not derogate from the rights of creditors, nor be construed to curtail the powers of the superior court to set aside or cancel such agreement for fraud, or under some other recognized head of equity jurisdiction, at the suit of either party."

Such an agreement is an enforcible contract. We held in *McKnight v. McDonald,* 34 Wash. 98, 74 Pac. 1060, that a contract executed, as the contracts in the case at bar, in compliance with the statute (Rem. Rev. Stat., § 6894), is not a will and is not governed by the laws relating to wills, but is a special contract for which provision is made by the statute.

Mr. Brown was in full possession of his mental faculties at the times the two community property agreements were executed, but, subsequent to the execution of those agreements and the time of the execution of Mrs. Brown's will, Mr. Brown became mentally incompetent. The trial court's view that, as Mr. Brown's mind had died, although his body still remained, Mrs. Brown could not depend upon him to effectuate any plans they may have had concerning the handling or disposition of their property, therefore she was free to dispose of her one half of the community property by will, is untenable.

The purpose of the statute (Rem. Rev. Stat., § 6894) is to enable husbands and wives, as we stated in *Bartlett v. Bart-*

*lett,* 183 Wash. 278, 48 P. (2d) 560, to enter into agreements concerning the status and disposition of their community property owned by them at the time or subsequently acquired by them, the agreement to take effect upon the death, not mental incompetency, of either husband or wife.

██ It is clear from a reading of the two agreements in this case that the parties intended to avail themselves of the privilege conferred by the statute. To ascertain the intention of the parties, the court must look to the wording of the written agreements quoted above, view same as a whole, and consider all the circumstances surrounding the transaction, including the subject matter and subsequent acts of the parties. *In re Garrity's Estate,* 22 Wn. (2d) 391, 156 P. (2d) 217. Based upon that rule it is clear from a reading of the property settlement agreements and subsequent acts of the parties to those agreements what they intended to do with their property. The concluding provision of each of the agreements confirms the intention of each of the parties, upon the death of either, that all of the property and property rights of either or both shall be their community property, and the title thereto shall, upon the death of either, pass to the survivor and become vested in such survivor as the sole and separate property of the survivor.

The trial court erroneously based its ruling on one paragraph of the agreements and did not consider the agreements as a whole, and the subsequent acts of the parties. It would be indeed inconsistent to hold that while the wife, by her subsequent will, revoked the provision in the agreements disposing of the property on the death of either spouse, she did not thereby revoke or rescind that part of the contract which the court held changed the husband's separate property into community property.

██ The contract was not divisible. It was made by Brown and wife for the purpose of providing for the disposition of their property on the death of either husband or wife, and, obviously, if the provision for the disposition of their property on the death of either was deleted from the agreements there would have been no agreement. The

writing in the two agreements patently evidences a single transaction and a single contract, each of its parts being related to all its other parts. The entire fulfillment of the community property agreements was contemplated by the parties as the basis of the arrangement; hence the contract is indivisible and it must, if revoked, be rescinded *in toto*. See *Rhine v. New York Life Ins. Co.*, 273 N. Y. 1, 6 N. E. (2d) 74, 108 A. L. R. 1197; *United States v. Bethlehem Steel Corp.*, 315 U. S. 289, 86 L. Ed. 855, 62 S. Ct. 581; *Anderson v. Frye & Bruhn*, 69 Wash. 89, 124 Pac. 499.

█ The community property agreements executed by David S. Brown and wife in compliance with the statute (Rem. Rev. Stat., § 6894) was an enforcible contract and was not revoked by the subsequent will executed by Josephine L. Brown. The two community property agreements, made pursuant to statute (Rem. Rev. Stat., § 6894), clearly provide that the property of either or both spouses owned by them at the time of making the agreements or subsequently acquired by them was to be community property, the agreements to take effect upon the death of either husband or wife, title to such property to vest upon the death of either to the surviving spouse.

By virtue of the community property agreements, all of the property, which was the community property of David S. Brown and Josephine L. Brown, vested on the death of the latter in David S. Brown, the surviving husband, as his separate property.

The judgment is reversed, and the cause remanded with direction to the trial court to enter a judgment in accordance with this opinion.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.