[No. 35744.   Department Two.   September 28, 1961.]

*In the Matter of the Estate* of JOHN FRANK WITTMAN,
*Deceased.*
FRANK E. SEELEY, *as Administrator, et al., Respondents,*
v. INEZ GODFREY, *et al., Appellants.**

*Reported in 365 P. (2d) 17.

*R. Stuart Thomson*, for appellants.

*Kumm, Maxwell, Petersen & Lee*, for respondents.

MALLERY, J.—John Frank Wittman, the decedent, and Sadie Sharp Wittman were married in 1925 and were husband and wife at the time of John's death on January 9, 1959. No children were born of the marriage.

On July 15, 1949, they entered into a community property agreement, which provided, *inter alia*:

"All property, whether real or personal, now or hereafter standing in the name of either party hereto, or in the names of both, or in which either or both of us now or hereafter shall have any interest, is hereby constituted and shall be treated for all purposes as the community property of both of us, and upon the death of either one of us the title thereto shall vest in the survivor to the exclusion of everyone else. . . ."

This agreement was properly executed in compliance with RCW 26.16.120 and recorded with the auditor of King county, Washington, their place of residence on the date of its execution.

On May 20, 1957, Sadie made a will reciting it was her desire that her husband obtain no portion of her half of the community property since it was her understanding that he was disposing of his half of the community property in a manner he saw fit. No basis for her understanding was recited, nor does the record show any existing at that time. Her will was a unilateral act, uncommunicated to her husband.

In the following October, John made a will in which he bequeathed specific legacies to George A. Wittman, Joseph L. Wittman, Rose Wittman, Alfred Wittman, and Mrs. Inez Godfrey. He devised and bequeathed the residue of his estate to his wife.

John died and, on April 24, 1959, his will was admitted to probate. The community property agreement was brought to the attention of the administrator on or about

April 2, 1960. He, thereupon, caused his report, account and petition to be filed seeking distribution of all the property to Sadie in compliance with the agreement. A citation was issued to all of the legatees named in John's will to appear and show cause why the petition should not be granted.

When the matter was heard in the superior court for King county, all of the legatees, except Rose Wittman, appeared and filed an answer. They contended the community property agreement had been abandoned by the parties, John and Sadie. The only evidence introduced by the legatees to show such an abandonment was the above-mentioned will of Sadie S. Wittman.

The court found, *inter alia*, that ". . . neither said decedent nor his wife had any knowledge of the execution of the said Will by the other . . . ," and that the community property agreement had ". . . never been altered, amended, revoked, renounced or abandoned by any agreement of the parties thereto." The court concluded that, on the death of John, all of the property of John and Sadie, with the exception of a certain trustee account, became the sole and separate property of Sadie, pursuant to the terms of the agreement. The trustee account became the property of Rose Wittman by stipulation of Sadie.

All of the legatees, except Rose Wittman, appeal from the court's decree. Sadie Sharp Wittman and Frank E. Seeley are the respondents.

The community property agreement statute, RCW 26.16.120, enables husbands and wives to enter into community property agreements concerning the status and disposition of their property to take effect upon the death of either. *In re Brown's Estate*, 29 Wn. (2d) 20, 185 P. (2d) 125, held that such enforcible contracts are not wills and are not governed by the laws relating to wills. They are completely executed when one of the parties to the recorded contract dies. Title to the community property, thereupon, vests as the sole and separate property of the survivor. Unless such a recorded contract is rescinded by the parties,

it constitutes a conveyance by the decedent to a surviving spouse. The property covered by it cannot be devised or bequeathed by will by either spouse while it remains in effect.

Unless the community property agreement in the instant case was rescinded by the parties prior to John's death, all of the property in issue became the sole and separate property of respondent Sadie. The issue, therefore, is whether the community property agreement was rescinded by the wills of the parties thereto.

■ An agreement of rescission must itself be a valid agreement. 12 Am. Jur. 1011, § 431. Thus, all parties to the contract must *assent* to its rescission and there must be a *meeting* of their minds. 17 C. J. S. 881, § 389. *Morango v. Phillips*, 33 Wn. (2d) 351, 205 P. (2d) 892.

The appellants contend to the contrary that this agreement was rescinded in any one of three ways, namely, (1) by an oral agreement reduced to writing in Sadie Sharp Wittman's will, (2) by the acquiescence by one party in the acts of another, or (3) by the separate acts of both parties in executing wills so as to constitute repudiation by both parties.

(1) The evidence upon which the appellants rely to support the existence of a parol agreement between Sadie and John to rescind the community property agreement, is this portion of Sadie's will:

". . . I am at present married to JOHN FRANK WITTMAN, and it is my desire that he obtain no portion of my half of the community property for the reason it is my understanding he is disposing of his half of the community property in a manner he sees fit."

■ This recital indicates Sadie's own desire to rescind or, failing rescission, to breach the contract. It raises no inference that the parties had orally mutually agreed to rescind or that her desire was ever communicated to John. He did not make his own will until five months later. Her "understanding" was prophetic, but without basis when she made her will so far as the record shows. The most that can be said of the recital is that it indicates her inten-

tion to achieve her unilateral breach of the contract plus her "understanding" that he would also breach it unilaterally. There was no oral agreement to rescind because there was no meeting of the minds. Hence, the trial court did not err when it found that the community property agreement had ". . . never been altered, amended, revoked, renounced or abandoned by any agreement of the parties thereto."

(2) The appellants contend the community property agreement was rescinded by the acts of one party inconsistent with its existence, and the *acquiescence* in these acts by the other party. We do not agree.

█ It is true, when John and Sadie made their wills, they performed acts inconsistent with the existence of the agreement, but there is no *evidence* of acquiescence because neither John nor Sadie knew that the other had made a will. The statement in her will quoted above could not have referred to his will since his will was not made until five months later. There is no reference in his will to her will. The burden of proof was upon the appellants, and, there being no evidence other than the community property agreement and the two wills, the trial court did not err when it found as a fact that ". . . neither said decedent nor his wife had any knowledge of the execution of the said Will by the other . . ."

(3) The appellants contend finally that the community property agreement was rescinded by the separate acts of repudiation, when each party executed a will in *reliance* upon the other's repudiation. There is no evidence that either John or Sadie knew that the other had made a will. There can be no reliance upon such an act without knowledge of it. Even if mutual repudiation may, under certain circumstances not here present, constitute a rescission, we are not prepared to subject the statutory community property agreement, which serves as a recorded conveyance of property to the surviving spouse, to the cloud of uncertainty such a rule would cast upon the record and, hence, the title to the property.

The judgment is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.