[No. 9237-2-III.   Division Three.   March 14, 1989.]

GOLDA H. BOSONE, *Respondent,* v. ROBERT J. BOSONE, ET AL, *Appellants.*

*Lauren Dobbs* and *Dobbs, Moore & Kirkevold,* for appellants.

*Robert Bjur* and *Hovis, Cockrill, Weaver & Bjur,* for respondent.

THOMPSON, C.J.—Robert J. Bosone and Norma R. Drovetto[1] appeal the trial court's order granting summary judgment and judgment voiding a deed executed by their father and quieting title to real estate in the name of their father's surviving spouse, Golda H. Bosone. They contend their father retained inter vivos power to transfer his separately owned real estate despite a community property agreement he had signed with Golda Bosone. We affirm.

Golda and Peter Bosone were married in 1965. They lived throughout the marriage in a home at 622 West Mead in Yakima. The parties agree that at the time of the marriage the home was the separate property of Peter Bosone.

On February 24, 1981, Golda and Peter Bosone entered into a community property agreement providing as follows:

Whereas, the parties hereto are the owners of property, real, personal and mixed, and,

Whereas, the said Peter (NMN) Bosone and Golda H. Bosone, husband and wife, will in the future acquire further and additional property by virtue of their endeavors, or by devise, bequest or gift, and,

Whereas, said parties are desirous that all of said property shall pass without delay or expense, in the case of the death of either party, to the survivor,

Now, Therefore, for and in consideration of the love and affection of each of said parties for the other, and in consideration of their lives of mutual helpfulness, all property now owned by them, or either of them, and all property which may in the future be acquired by the parties hereto, or either of them, is and shall be community property, regardless of how the same may have been or shall be acquired. The date of acquirement, the manner of acquirement and all statements of either of said parties heretofore made respecting alleged separate property or affecting any property, are to be regarded and esteemed of no effect. Each of the parties hereto does hereby convey and quit claim to the community composed of both parties all property, real and personal,

---

[1]The complaint also named as defendants the parties' spouses.

now standing in the names of either of them, or which may hereafter be acquired by either of them as their community property.

It Is Further Agreed that in consideration of their lives of mutual helpfulness, in case of the death of said Peter (NMN) Bosone, while Golda H. Bosone survives, the whole of said property heretofore mentioned, together with all property by them, or either of them, hereafter acquired, shall at once vest in said Golda H. Bosone, absolutely and forever. And, in the event of the death of said Golda H. Bosone while the said Peter (NMN) Bosone survives, the whole of the said property heretofore mentioned, together with all property by them, or either of them, hereafter acquired, shall at once vest in said Peter (NMN) Bosone, absolutely and forever.

The parties hereto reserve the right to amend, revise or revoke this contract at any time in the future, by mutual consent.

This instrument is intended by the parties hereto to vest all property owned, or hereafter to be owned, by them, or either of them, in the community composed of them, and in the event of the death of either of them, to immediately vest in the survivor without delay or expense, and without the intervention of any court of whatsoever nature, all property of whatsoever nature or source, under the terms and provisions of Section 26.16-.120 of the Revised Code of Washington.

On June 16, 1986, without the consent or knowledge of Golda Bosone, Peter Bosone deeded the home, "for and in consideration of love and affection", to Robert Bosone and Norma Drovetto, his children of a former marriage. After Peter Bosone's death on July 7, 1987, Ms. Drovetto and Robert Bosone listed the home for sale, and Golda Bosone initiated this action to quiet title in her name.

In granting Golda Bosone's motion for summary judgment, the court held when the community property agreement was executed, the home was immediately converted to community property. The court declared the deed void, and quieted title in favor of Golda Bosone.

The sole issue here is whether the community property agreement converted the home to community property on

the date of execution. The document is a "3–pronged" community property agreement, in which spouses typically provide: (1) that property owned separately by either party is converted to community property; (2) that all property later acquired will be community property; and (3) that upon the death of one spouse all community property will vest in the survivor. *See Lyon v. Lyon,* 100 Wn.2d 409, 411, 670 P.2d 272 (1983); Cross, *The Community Property Law in Washington (Revised 1985),* 61 Wash. L. Rev. 13, 101 (1986); Washington State Bar Ass'n, *Community Property Deskbook* § 18.7 (1977).

Robert Bosone and Ms. Drovetto contend, however, that the agreement is made pursuant to RCW 26.16.120, which authorizes agreements between spouses "to take effect upon the death of either". They reason that separate property would be converted to community only upon the death of Peter or Golda Bosone. As a result, they argue, the home remained Peter Bosone's separate property, to do with as he pleased during his lifetime.

■ This argument misperceives the effect of RCW 26.16.120. The basic consideration of the statute is to "provid[e] the community with a simple and certain way of disposing of the community property upon the death of either spouse". *Neeley v. Lockton,* 63 Wn.2d 929, 934, 389 P.2d 909 (1964); *see* Cross, at 94. On the other hand, the portion of the agreement converting separate to community property is authorized not by statute, but by case law, beginning with *Volz v. Zang,* 113 Wash. 378, 194 P. 409 (1920); *see State ex rel. Van Moss v. Sailors,* 180 Wash. 269, 274, 39 P.2d 397 (1934) (spouses "may, *by proper agreement or conveyance,* change their separate property into community property . . ."); Cross, at 103. The parties' reference in the community property agreement to RCW 26.16.120 clearly refers to the third prong, or that portion of the agreement that vests title to community property in the survivor.

Depending on wording contained in a particular agreement, the conversion of separate to community property may be delayed until the death of one spouse. Cross, at 104;

*see In re Estate of Brown,* 29 Wn.2d 20, 185 P.2d 125 (1947). However, a community property agreement is a contract, and effect should be given to the clearly expressed intent of the parties. *In re Estates of Wahl,* 99 Wn.2d 828, 664 P.2d 1250 (1983). Here, Peter and Golda Bosone clearly intended that the conversion occur immediately. Their agreement stated that all property *"is and shall be* community property", and that each "does hereby convey and quit claim to the community . . . all property . . ." (Italics ours.) It declares its intent "to vest all property owned . . . by them, or either of them, in the community composed of them . . ."[2]

■ Robert Bosone and Ms. Drovetto also contend the conversion was ineffective because the agreement did not include a legal description of the property. A legal description is not required in a community property agreement. *In re Estate of Verbeek,* 2 Wn. App. 144, 157–58, 467 P.2d 178 (1970).

By operation of the agreement, the home was community property at the time Peter Bosone signed the deed purportedly transferring title to his children. This deed is invalid under both RCW 26.16.030(2) (requiring consent of both spouses for gift of community property), and RCW 26.16.030(3) (requiring both spouses to join in and acknowledge a conveyance of community real property). The court correctly granted summary judgment to Golda Bosone.

The court's judgment is affirmed.

MUNSON and SHIELDS, JJ., concur.

---

[2]As support for their position, Robert Bosone and Ms. Drovetto cite *Hesseltine v. First Methodist Church,* 23 Wn.2d 315, 161 P.2d 157 (1945). The question there was whether a community property agreement restricts the alienation of any community property. The court observed the community was free to transfer its real property "by deed properly executed by both members of the community". *Hesseltine,* at 322. Here, of course, only Peter Bosone executed the deed.