HANNAH LAPP v. JACOB LAPP.

*Divorce—Unlawful marriage—Alimony.*

Alimony is not allowable on a bill for divorce that does not bring the complainant within any recognized equity.

Mistakes of law cannot usually be made a ground of equitable relief when standing alone.

It is not presumable that any person of ordinary intelligence supposes that a marriage can be dissolved by mere consent of parties.

A bill for divorce for cruelty cannot be maintained, where it shows that the complainant had known defendant had a former wife who was living apart from him under an agreement of separation, and does not show that complainant was led to believe there had been any thing equivalent to a divorce, or aver that she believed her own marriage valid.

Costs were denied on reversing an order allowing an execution for alimony, where there was no valid marriage, and both parties had reason to know it.

Appeal from St. Clair. Submitted April 9. Decided April 14.

DIVORCE. Defendant appeals.

*W. F. Atkinson* for complainant.

*Avery Brothers* and *John Divine* for defendant. Alimony will not be allowed where there has been no valid marriage, *Brinkley v. Brinkley* 50 N. Y. 184; *McFarland v. McFarland* 51 Iowa 565.

CAMPBELL, J.  Defendant appeals from an order allowing an execution against him for an allowance in the nature of temporary alimony.

The bill is an ordinary bill of divorce for cruelty, and contains no prayer for relief except on that account. It shows nevertheless that at the time of complainant's alleged marriage with defendant she knew he had a former wife living, and that they were living apart under an agreement of separation which she saw and had the means of understanding.  Taking the whole averments together, they do not really make any showing that she was led to believe there had ever been what was equivalent to a divorce.  They show distinctly that she saw the paper and knew its contents, and no fraud was practiced on her by any concealment or misrepresentation of fact.  The bill is not filed to avoid the marriage under the statutory provisions for annulling marriages, and the marriage was not only void in fact, but entered into without any excuse which courts can regard as entitling complainants to any consideration whatever. It is not to be presumed that any person of ordinary intelligence supposes marriages can be dissolved by mere consent of parties, and nothing but the strongest proof of deceit and contrivance could make such a transaction beyond the ordinary experience.  Mistakes of law cannot usually be a ground of relief when standing alone, and the bill, while it approaches such a representation, does not distinctly aver that she believed her marriage valid.

The bill does not bring complainant within any recognized equity, and on such a bill no provision could properly be made for alimony.

We therefore think the order appealed from was unauthorized, and must be reversed.  We do not think it necessary to give costs to either party.

The other Justices concurred.