[No. 10792. Department One. April 5, 1913.]

CARL JENSEN, *Appellant*, v. WILLIAMS COMPANY *et al.*, *Respondents.*[1]

WORK AND LABOR—ACTION FOR SERVICES—EVIDENCE—SUFFICIENCY. In an action for services, the evidence shows that the plaintiff knew he was employed by the S. Company and not by the W. Company, two corporations having a common office and common officers, where he admitted that for nine months he served as foreman for the S. Company, kept its time books, issued time checks and received checks for himself and colaborers upon which plainly appeared the name of the S. Company, and that after leaving such company he worked for and was paid by the W. Company.

TRIAL—DIRECTION OF VERDICT. Where there is no substantial evidence tending to establish the cause of action sued on, it is proper to direct a verdict for the defendant.

Appeal by plaintiff from a judgment of the superior court for Snohomish county, Yakey, J., entered July 3, 1912, in favor of the plaintiff by direction of the court, against one defendant, and in favor of another defendant, for costs, after a trial before the court and a jury. Affirmed.

*Willett & Oleson*, for appellant.
*Hathaway & Alston*, for respondents.

[1]Reported in 131 Pac. 204.

Gose, J.—This action was originally commenced against · the defendant corporation T. H. Williams Company, to recover an alleged balance due for services performed for it at its instance and request. It answered, denying that the plaintiff had performed any service for it. Thereupon the plaintiff amended his complaint, and alleged that the services were performed for both defendants. A joint demurrer to the complaint was overruled. The defendant Snoqualmie Lumber & Shingle Company failing to plead further, an order of default was entered against it. Two causes of action are pleaded. In the first cause of action it is alleged that the plaintiff performed labor for the defendants from the 1st day of January, 1910, to the 1st day of July following, at an agreed wage of $80 per month. In the second cause of action the allegation is that the plaintiff performed labor for the defendants from the 1st day of July, 1910, to the 1st day of March, 1911, at an agreed wage of $65 per month. The defendant T. H. Williams Company, in a separate answer, denied these averments. At the close of the trial, the court sustained the challenge of the defendant T. H. Williams Company to the sufficiency of the evidence, and directed a verdict against the defendant Snoqualmie Lumber & Shingle Company. Thereafter a judgment was entered in favor of the plaintiff against the latter company for the amount claimed, and in favor of the defendant Williams Company for its costs. The plaintiff has appealed from the judgment in favor of Williams Company.

The appellant contends that he was employed by, and worked for, the respondent T. H. Williams Company, whilst it contends that he was employed and worked for its codefendant. The single question presented is whether there was any substantial evidence to support the appellant's contention, and which should have been submitted to the jury. The evidence is, that the defendants are separate ·and distinct corporations; that they conducted separate businesses and kept separate bank accounts; that the Williams Company had its

mill at Snohomish; that its codefendant has its mill at Sno-
qualmie; that the defendants had common officers and a
common office; that the Snoqualmie Lumber & Shingle Com-
pany has a capital stock of $25,000; that it had a stock-
holder who owned $5,000 of its stock who was not a stock-
holder in the other corporation; that the secretary of the
two corporations owned $5,000 of the stock of the Snoqual-
mie Lumber & Shingle. Company, and nominally held one
share of stock in the Williams Company to qualify him as a
trustee.    The appellant testified that he was employed by,
and worked for, the Williams Company.    He admitted, how-
ever, that from September, 1909, to July 1, 1910, he served
as a foreman and kept the time of the men in the time book
of the Snoqualmie Company upon which the words "Sno-
qualmie Lumber & Shingle Company" were written in large
letters; that he gave the men their time checks upon which
they were paid for their services; that he bought supplies,
and that the accounts were made out to the Snoqualmie Com-
pany, and that he, in common with the others, was paid in
checks signed by the Snoqualmie Company, thus: "Snoqual-
mie Lumber & Shingle Company, Incorporated, by......,"
and upon the end of which was printed the words "Sno-
qualmie Lumber & Shingle Company, Incorporated, Manu-
facturers of Washington Red Cedar Shingles, Snoqualmie,
Washington.". Following these admissions, the documents
were put in evidence.    His explanation is that he did not
read the printed matter in the time book, bills, or checks.
He can both read and write.

The conviction is irresistible that he knew that he was
working for the Snoqualmie Company.    Moreover, he worked
for the Williams Company at Snohomish, after he left the
Snoqualmie Company, from March 1, 1911, to September 5,
1911, and admits that he was paid by its checks for the later
service.    The declarations of the appellant that he worked
for the Williams Company are rendered worthless by his ad-
missions and the record evidence.    The admitted facts, that

he served as foreman for the Snoqualmie . Company for a period of nine months, kept its time book, purchased supplies, issued time checks to the men, received the checks of the Snoqualmie Company for himself and his colaborers, upon all of which plainly appeared the name of the Snoqualmie Company, force the conclusion that he knew that he was employed by the Snoqualmie Company.

"When the motion is grounded upon the insufficiency of plaintiff's proof, the question presented is whether there is any substantial evidence tending to establish the cause of action sued on. The rule supported by the great weight of authority and by reason is that it is only where the court must say that, as a matter of law, no recovery can be had under any reasonable view of the evidence, that a verdict for the defendant will be directed." 38 Cyc. 1576, 1577, clause c.

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.