BARR v. PAYNE.

1. LIMITATION OF ACTIONS—PAYMENT BY ONE OF TWO JOINT CON-
TRACTORS.
Payment by one of two or more joint contractors does not toll
the running of the statute of limitations (3 Comp. Laws 1929,
§ 13989).

2. EQUITY—RELIEF FOR MISTAKE.
In order to grant equitable relief to a plaintiff because of a
mistake, a plaintiff must have been blameless, not negligent,
and have fallen into serious error of fact or law which prom-
ises a disastrous result not intended by any of the parties to
the transaction; defendant, knowing of the mistake, has at-
tempted to secure by inequitable conduct an unconscionable
advantage of plaintiff and enrich himself at plaintiff's ex-
pense; and the court must have ability to restore the *status
quo* as to all of the interests involved.

3. SAME—MISTAKE OF LAW.
The general rule that equity will not relieve against a mistake
of law is not universal; where a person is ignorant or mis-
taken with respect to his own antecedent and existing private
legal rights, interests or estates, and enters into some trans-
action, the legal scope and operation of which he correctly
apprehends and understands, for the purpose of affecting such
assumed rights, interests or estates, equity will grant its re-
lief, defensive or affirmative, treating the mistake as analogous
to, if not identical with, a mistake of fact.

4. JUDGMENT—EQUITY.
A chancery court will not interfere with a judgment at law unless
it very clearly appears that an injustice has been done.

5. SAME—GROUND FOR SETTING ASIDE JUDGMENT IN EQUITY.
In order to set aside a judgment of law in equity, there must
be ignorance of the defense when the judgment was rendered,
diligence on the part of complainant, and the fact that ade-
quate relief cannot be had at law.

6. SAME—DEFAULT—EQUITY—MISTAKE OF LAW—DILIGENCE.
In accommodation indorser's suit to set aside judgment taken
against him by default in action on note wherein he had a
legal defense under statute of limitations which he had failed

Toll of statute of limitations by act of joint promisor, see 1 Re-
statement, Contracts, § 127.
Unilateral mistake, see 2 Restatement, Contracts, § 503.

to assert because of a mistaken understanding of the law, where plaintiff had subsequently failed to act with diligence to ascertain correct rule of law and defendant receiver of payee did not indulge in any misrepresentation, deceit or undue influence to induce plaintiff's misunderstanding of the law, and it does not clearly appear that an injustice has been done, the judgment at law will not be set aside (3 Comp. Laws 1929, § 13976, as amended by Acts Nos. 21, 193, Pub. Acts 1937; § 13989; Court Rule No. 28, § 4 [1933], as amended).

7. SAME—AFTER-DISCOVERED DEFENSES.
    Judgments otherwise valid should not be lightly overturned in equity because of after-discovered defenses.

Appeal from Berrien; Evans (Fremont), J. Submitted April 8, 1941. (Docket No. 25, Calendar No. 41,498.) Decided June 2, 1941.

Bill by R. E. Barr against W. R. Payne, receiver of the Commercial National Bank & Trust Company of St. Joseph, Michigan, to set aside a judgment and restrain execution thereon. Bill dismissed. Plaintiff appeals. Affirmed.

*Charles W. Stratton*, for plaintiff.

*Ross H. Lamb*, for defendant.

BUSHNELL, J. On September 8, 1931, Martha Lehman borrowed $1,800 from the Commercial National Bank & Trust Company of St. Joseph, Michigan, giving her note therefor. She received the entire consideration. Plaintiff R. E. Barr, who has been in the practice of law for upwards of 25 or 30 years in St. Joseph, signed the Lehman note as an accommodation maker.

On September 3, 1938, defendant W. R. Payne, receiver for the payee bank, began an action at law on the note against the two makers. No appearance having been entered, the receiver, on December 28, 1938, took a default judgment against the

comakers jointly and severally in the sum of $2,-373.92 and costs. Almost 11 months after the entry of this judgment, plaintiff Barr, on November 13, 1939, filed a motion in the law action to vacate this judgment and submitted affidavits in support of his motion. On December 7, 1939, an order was entered denying Barr's motion because of section 4 of Court Rule No. 28 (1933), as amended, which reads in part:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within four months after such default is regularly filed or entered."

Barr filed a bill of complaint on January 24, 1940, in which he sought a decree relieving him from liability for payment of the judgment or any part thereof, and asked the court to hold the same void. The theory of Barr's bill is that he made no appearance in the law action and permitted a default judgment to be entered because of a mistake of law from which equity should relieve him in order to avoid a miscarriage of justice.

Barr had never made any payments on the note but Mrs. Lehman had paid $75 on December 4, 1933. Barr testified that he did not know about this payment until after the commencement of the law action and that he did not file an answer because he considered himself liable.

When he learned, sometime after service of process, about the Lehman payment, he incorrectly assumed that it tolled the statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Acts Nos. 21, 193, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605]) both as to Mrs. Lehman and himself.

It has long been the rule in Michigan that payment by one of "two or more joint contractors" does not toll the running of the statute of limitations as to the other. See 3 Comp. Laws 1929, § 13989 (Stat. Ann. § 27.618), and the several preceding sections.

Barr's assumption that the rule was otherwise was erroneous. *Rogers* v. *Anderson,* 40 Mich. 290; *Myers* v. *Erwin,* 180 Mich. 469, and authorities collected in 71 A. L. R. 375, 396, and 121 A. L. R. 549.

Among the authorities annotated under the heading of "Relief in equity from mistake of law," in 75 A. L. R. p. 896 *et seq.* is *Peterson* v. *First National Bank,* 162 Minn. 369 (203 N. W. 53, 42 A. L. R. p. 1185). In that case the Minnesota court said (p. 375):

"There is much authority for the proposition that no relief can be had from mistakes of law, but that doctrine has yielded much to the demand that justice be not obstructed by obsolete and baseless distinctions—useless duffle of an older and more arbitrary day. It is impossible to review here much of the literature on the subject. The rate of its output has not lessened since 1850, and even then a learned court refused to 'swell' an opinion 'with an examination of the great number of cases which have been decided, bearing upon this question, and which, from their number as well as contrariety, serve rather to bewilder than enlighten the inquirer for a stable and correct principle of decision.' *Stone* v. *Hale,* 17 Ala. 557, 562 (52 Am. Dec. 185).

"The idea that equity has no relief from mistakes of law had its origin in the almost humorous and wholly supposititious presumption that all know the law—a proposition contrary to both law and sense. There has been misuse also of the rule that ignorance of the law excuses no one. There is such a rule, but it goes only to the extent of making

legal duty inescapable because of the subject's ignorance of the law. Neither in letter, spirit, nor purpose does it justify or even suggest that a loss should be imposed on one and an unconscionable gain permitted another merely because of the former's ignorance of law.''

In relieving from a mistake of law in that case, the court said (p. 379):

"The controlling equities of this case are these: (1) A blameless plaintiff fallen into serious error, whether of fact or law is immaterial, which promises a disastrous result, wholly unintended by any of the parties to the transaction wherein the mistake occurred; (2) absence of negligence of the person seeking relief; (3) defendants with knowledge of the mistake attempting to secure by inequitable conduct an unconscionable advantage of plaintiff and to enrich themselves unjustly at his expense; (4) the ability of the court to restore the *status quo* as to all of the interests involved. Those considerations justify relief from unilateral mistake—cautious as courts must be in such a case. It is but 'obvious justice that mistake by one party and knowledge of the mistake by the other will justify relief as fully as mutual mistake.' 3 Williston, Contracts, § 1497. 'All the cases which deny a remedy for mere mistake of law on one side are careful to add the qualification that there must be no improper conduct on the other.' *Haviland* v. *Willets,* 141 N. Y. 35, 50 (35 N. E. 958, 960).''

Nor has the maxim that equity will not grant relief from a mistake of law been applied vigorously in this jurisdiction. In *Renard* v. *Clink,* 91 Mich. 1, 3 (30 Am. St. Rep. 458), the court said:

"While it is a general rule that equity will not relieve against a mistake of law, this rule is not universal. Where parties, with knowledge of the

facts, and without any inequitable incidents, have made an agreement or other instrument as they intended it should be, and the writing expresses the transaction as it was understood and designed to be made, equity will not allow a defense, or grant a reformation or rescission, although one of the parties may have mistaken or misconceived its legal meaning, scope, or effect. *Martin* v. *Hamlin,* 18 Mich. 354 (100 Am. Dec. 181); *Lapp* v. *Lapp,* 43 Mich. 287. But where a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, or estates, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or estates, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact."

The court also said in *Godde* v. *Marvin.* 142 Mich. 518:

"It was conceded upon the argument that equity has jurisdiction of a suit of this character, and that the sole question for our determination was whether such injustice had been done as to authorize a court of equity to set aside the judgment of the court of law.

" 'It is well understood that before a chancery court will interfere with a judgment at law it must be made very clearly to appear that an injustice has been done.' *Mueller* v. *Marsh,* 116 Mich. 375."

See, also, *Finn* v. *Adams,* 138 Mich. 258 (4 Ann. Cas. 1186).

In *Bassett* v. *Trinity Building Co.,* 254 Mich. 207, 211, the court said:

"A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly

wrong that it is against good conscience. *Cleveland Iron Mining Co.* v. *Husby,* 72 Mich. 61. In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law. *Taylor* v. *Sutton,* 15 Ga. 103 (60 Am. Dec. 682).''

The *Bassett Case* was relied upon in *Thompson* v. *Doore,* 269 Mich. 466, 471, and again quoted in the recent case of *Smith* v. *Pontiac Citizens Loan & Investment Co.,* 294 Mich. 312, 315.

Barr had a legal defense but failed to assert it because he relied upon his mistaken understanding of the law. He subsequently failed to act with diligence to ascertain the correct rule of law. Defendant receiver did not indulge in any misrepresentation, deceit, or undue influence to induce Barr's misunderstanding of the law. The record presents a case of unilateral mistake unaccompanied by any inequitable conduct on the other side. It does not clearly appear that an injustice has been done. The result of the law judgment is not unconscionable. Judgments otherwise valid should not be lightly overturned because of after-discovered defenses. *Marine Insurance Company of Alexandria* v. *Hodgson,* 7 Cranch (11 U. S.), 332 (3 L. Ed. 362). See, also, 21 C. J. p. 92, note 3. Though relief in equity is sometimes given from a mistake of law, the instant case does not present a situation of compelling equities.

The decree is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.