STONE *v.* STONE.

SAME *v.* SAME.

1. EQUITY—MISTAKE OF LAW.

While generally equity will not relieve against a mistake of law as where parties, with knowledge of the facts and without any inequitable incidents have made an instrument as they intended it should be and the writing expresses the transaction as it was understood and designed to be made, but where a person is ignorant or mistaken as to his own antecedent and existing private legal rights, interests, or estates and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands for the purpose of affecting such rights, interests, or estates, equity will grant either affirmative or defensive relief by treating such mistake as analogous to a mistake of fact.

2. Taxation—Minimization of Taxes.

A taxpayer has the legal right to attempt, by lawful means, to minimize taxes.

3. Equity—Gifts—Minimization of Taxes—Clean Hands.

One seeking to set aside gifts to members of his family made in an attempt to minimize his income taxes does not by reason of such attempt come into the court of equity with unclean hands.

4. Same—Partnership—Income Taxes—Mistake of Law.

Equitable relief revesting title to shares of partnership given by father and mother to minor children in an attempt to minimize Federal income taxes was properly granted where parents were mistaken as to their own antecedent and existing private legal rights, in that such transfer did not result in effecting the intended minimization.

5. Costs—Setting Aside Gifts to Donors' Minor Children. ·

No costs are allowed parents in suits against minor children to set aside gifts of interests in family partnership.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 17, 1947. (Docket Nos. 78, 79, Calendar Nos. 43,721, 43,722.) Decided October 13, 1947.

Bill by Arthur T. Stone against Beverly Ann Stone and her guardian for decree declaring that transfer of partnership assets was a nullity. Bill by Grace M. Stone and Arthur T. Stone against Ronald Arthur Stone and his guardian for the same relief. Decrees for plaintiffs. Defendants by their guardians *ad litem* appeal. Affirmed.

*Stanley E. Beattie,* for plaintiffs.

*Frederick Colombo,* for defendants.

Dethmers, J. Plaintiffs are husband and wife and the parents of 11-year-old twin children, Beverly Ann and Ronald Arthur Stone, defendants herein. On October 31, 1942, each of the plaintiffs

owned an undivided half interest in a manufacturing business, as copartners, and on that date they transferred a quarter interest to each of the children, making them copartners with the parents, each parent and child thereafter owning a quarter interest. The transfers were made for the purpose of lawfully minimizing income tax, the parents having been advised by competent tax consultants that a separate return might be filed for the income of each of the four partners, thus avoiding the higher tax brackets theretofore encountered. Separate returns were filed for each of the four copartners for the remainder of 1942 and 1943. Thereafter the supreme court of the United States, in *Commissioner of Internal Revenue* v. *Tower,* 327 U. S. 280 (66 Sup. Ct. 532, 90 L. Ed. 670, 164 A. L. R. 1135), held that, in the case of an alleged partnership between a husband and wife in which the husband managed and controlled the business and the wife contributed no services thereto, no genuine partnership existed within the meaning of the Federal tax laws and that the husband earned the entire income and should be taxed on it. In the light of that decision the commissioner of internal revenue determined that the entire income of the partnership here involved must be returned by the father, plaintiff Arthur T. Stone. Plaintiffs concede the correctness of this determination. For the last two months of 1942 and the year 1943 each child had paid a ''consolidated'' tax of $94,070.71. Under the determination of the commissioner of internal revenue not only should this tax upon the partnership income of each child and of the wife have been paid by the father, but, in addition, he is now required to pay an increased income tax, net after allowance for refund to the wife and two children, of $10,905.56 because of the necessity of including the entire partnership

income in his own revised return. The consequences of requiring the father to pay the income tax on the entire income of a partnership in the earnings of which he has but a one-quarter interest can readily be imagined. The purpose of the transfers has failed utterly. Plaintiffs brought these suits praying, *inter alia,* that the transfers, which were made without consideration, be declared a nullity because induced by mistake of fact and law and because of the failure of the family plan upon which the transfers were predicated. From decrees for plaintiffs the defendants appeal.

Defendants state the question involved as follows:

"Where a parent transfers an undivided share in a family partnership to his minor child under the mistaken belief that income accruing therefrom to the child may be separately returned on the child's Federal income tax return, and where the transfer is motivated entirely by this plan for lawful minimization of income tax and the child's guardian accepts the transfer on this assumption, and where subsequently by subsequent decision of the supreme court of the United States the parent is required to report the child's income as his own—may the parent have decree in equity revesting* in him the property so transferred to the child and the proceeds, fruits and avails thereof?"

It is the position of defendants that (1) "a court of equity will not set aside transfers, conveyances, gifts or other legal transactions because of a mistake of law, pure and simple" and that (2) "a completed and absolute gift is irrevocable to the donor."

In support of the second proposition defendants cite authorities from other jurisdictions which do not squarely consider the effect of either mistake of fact or law upon the revocability of a gift. We held in *Tuttle* v. *Doty,* 203 Mich. 1, that a gift in-

duced by a mistake of fact may be set aside on that ground.

In support of the first proposition defendants cite three Michigan cases, *Crane* v. *Smith,* 243 Mich. 447; *Holmes* v. *Hall,* 8 Mich. 66 (77 Am. Dec. 444); *Martin* v. *Hamlin,* 18 Mich. 354 (100 Am. Dec. 181). The *Crane Case* involved the purchase of a farm. Plaintiff, the purchaser, sought reformation of the deed on the ground of mutual mistake. This Court denied relief because plaintiff did not sustain the burden of showing a mutual mistake. The *Holmes Case* and the *Martin Case* are authority in this connection only for the proposition that equity will not grant relief on the ground of mistake as to the legal effect of an instrument given for a consideration. These cases are not decisive of the question in the instant cases in which there was a mutuality of mistake between donors and donees, not as to the legal effect of the instruments which created the gifts nor as to the rights of any of the parties under the terms and language of those instruments, but rather as to the antecedent and existing legal rights and duties of the parties in regard to the payment of income taxes under the requirements of Federal law and the power of the donors to affect such rights and duties by the transfers in question.

In *Renard* v. *Clink,* 91 Mich. 1 (30 Am. St. Rep. 458), we said:

"While it is a general rule that equity will not relieve against a mistake of law, this rule is not universal. Where parties, with knowledge of the facts, and without any inequitable incidents, have made an agreement or other instrument as they intended it should be, and the writing expresses the transaction as it was understood and designed to be made, equity will not allow a defense, or grant a reforma-

tion or rescission, although one of the parties may have mistaken or misconceived its legal meaning, scope, or effect. *Martin* v. *Hamlin,* 18 Mich. 354; *Lapp* v. *Lapp,* 43 Mich. 287. But where a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, or estates, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or estates, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact.''

To the same effect see *Walter* v. *Walter,* 297 Mich. 26; *Barr* v. *Payne,* 298 Mich. 85; *Moritz* v. *Horsman,* 305 Mich. 627 (147 A. L. R. 117).

The instant cases involve no compromise of doubtful legal rights, no question of the right to retain the benefits of a bargain, no circumstance making restitution inequitable to the donees or inexpedient because opposed to public interests. A taxpayer has the legal right to attempt, by lawful means, to minimize taxes (*Commissioner of Internal Revenue* v. *Tower, supra; Gregory* v. *Helvering,* 293 U. S. 465 [55 Sup. Ct. 266, 79 L. Ed. 596, 97 A. L. R. 1355]) and, therefore, it may not be said that plaintiffs, by reason of such attempt, have come into equity with unclean hands. In an effort to reduce taxes on the partnership income the plaintiffs made the transfers because it was their understanding that each member of such a partnership as resulted therefrom was liable for an income tax on such portion of the partnership income only as represented his proportionate share therein. The plaintiffs were in that regard mistaken as to their own ''antecedent and existing private legal rights.''

Under such circumstances we think equitable relief is properly invoked.

Decree affirmed, without costs.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred.