OPINION. Opper, Judge-. We have found the ultimate fact as requested by respondent, that the gift was not conditional when made, partly because petitioner himself so testified.[1] That petitioner’s sons, for understandable reasons, may have acceded to his subsequent request that they agree to a reconveyance of the property, if estate tax liability had not been escaped, could not make conditional a conveyance that had already become absolute, nor render enforceable an agreement that was obviously without consideration, even though ultimately, and voluntarily, observed. It is said that the wife agreed to the condition in advance of the gift. But hers is the one share of the property as to which the estate tax might have been avoided. See Central National Bank of Cleveland v. United States (Ct. Cls.), 41 Fed. Supp. 239, 247; Commissioner v. Nathan’s Estate (C. C. A., 7th Cir.), 159 Fed. (2d) 546. If there was a condition, and whatever its terms, there was hence as to so much of the gift a possible compliance with it, for all that appears in this record. And even if not complete fulfillment, the value of her interest, segregated from the whole, is not shown to be too small to achieve substantial realization of petitioner’s purpose. There may be many other grounds for rejecting petitioner’s claim, including its doubtful legal justification, Commissioner v. Proctor (C. C. A., 4th Cir.), 142 Fed. (2d) 824; the indefinite quality of the entire transaction; and the uncertainty surrounding the outcome of any litigation which might have been instituted under applicable local law. Cf. Stone v. Stone, 319 Mich. 194; 29 N. W. (2d) 271, with Lowry v. Kavanagh, 322 Mich. 532; 34 N. W. (2d) 60. But on these subjects we need express no opinion," since petitioner’s disappointed hope for estate tax relief, which is all that can be gathered with certainty from the present record, is clearly insufficient to defeat the gift tax on an absolute and completed gift. Smith v. Shaughnessy, 318 U. S. 176. Decision will be entered for the respondent. E. g., petitioner’s testimony, quoted in Ms own reply brief (p. 2) : “I discussed it with my wife before completing, or rather, before authorizing the transfer of the property, and she agreed to it. After I had transferred the property I discussed it with the family and my son in particular, and told him — I went over the details and told him what I was trying to accomplish — saving the estate tax — and made the gift on that condition, and if that was not accomplished I would expect the property to be transferred back to me.”