[No. 33223.   Department One.   December 1, 1955.]

EVERETT G. SCHWIEGER, *Appellant*, v. HARRY W. ROBBINS & Co., *Respondent.*[1]

*Bryce Little, Wayne R. Parker,* and *Myron L. Borawick,* for appellant.

*N. A. Pearson,* for respondent.

OTT, J.—On April 5, 1951, Everett G. Schwieger was driving his truck on a public highway in King county. An employee of Harry W. Robbins & Co. was driving a company truck, loaded with baled hay, and approaching from the opposite direction. As the two trucks passed, several bales

[1]Reported in 290 P. (2d) 984.

of hay fell from the company's truck onto Schwieger's truck, causing personal injuries to him and property damage.

Schwieger commenced an action in the superior court to recover from Harry W. Robbins & Co. for his personal injuries and for property damage. An amended complaint was filed, which eliminated the claim of damages for personal injuries. The record discloses that, by stipulation, "all matters between the plaintiff and defendant have been fully compromised and settled," and that the cause was dismissed February 17, 1953, with prejudice and without costs.

December 11, 1953, Schwieger commenced the present action, upon which this appeal is predicated, claiming damages for the personal injuries suffered as a result of the same accident described in the first action.

Defendant's answer denied liability. An affirmative defense was pleaded, which alleged that for and in consideration of the payment of $972 the plaintiff had released the defendant from liability in any way arising from any known or unknown personal injuries and property damage resulting from the accident. A copy of the signed release was attached to the answer and affirmative defense.

The reply admitted the execution of the release and the receipt of the consideration paid therefor, but alleged that the release was given to settle the property damage claim, which was the only remaining issue in the first action, and that it was not intended to discharge plaintiff's claim for personal injuries.

Upon the issues thus joined, the cause proceeded to trial upon its merits. A jury was impanelled, and, after the first witness was sworn, defendant moved for dismissal of the cause, based upon the pleadings and the opening statement of counsel for plaintiff. The court granted the motion. From the judgment of dismissal, the plaintiff has appealed.

The appellant's principal assignment of error is that the court erred in dismissing his cause of action.

The material portion of the written release is as follows:

"I . . . Everett Schwieger . . . do hereby release, acquit, and forever discharge the said Harry K. Rob-

bins Company [*sic*] from any and all actions, causes of action, claims and demands, damages, costs, loss of services, expenses, and compensation on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from accident that occurred on or about the 5th day of April, 1951, . . . ."

■■ The release is in plain and unambiguous language. We often have said that the courts will not interpret the meaning of unambiguous contracts. *Silen v. Silen*, 44 Wn. (2d) 884, 271 P. (2d) 674 (1954). Neither will the courts permit oral evidence to establish or create an ambiguity in a written contract. *Washington Fish & Oyster Co. v. G. P. Halferty & Co.*, 44 Wn. (2d) 646, 658, 269 P. (2d) 806 (1954); and case cited.

■■ The appellant admits signing the release. He contends that he signed it because he believed no claim for personal injuries then existed under the law. A mistake of law is an erroneous conclusion with respect to the legal effect of known facts. A mistake of law, in the absence of fraud or some like cause, is not a ground for avoidance of a contract.

In *Stahl v. Schwartz*, 67 Wash. 25, 33, 120 Pac. 856 (1912), this court stated the rule in the following language:

"But it is said that equity will not relieve a party where a contract is entered into under a mistake of law. This may be granted, although there are some cases to the contrary. But this rule, when applied, is attended with certain restrictions and qualifications which are as well established as the rule itself. The contracting parties must have a true understanding of the facts. If so, then a mistake of law, or rather, of the legal consequences of their act, will not be relieved."

Applying the rule to the instant case, appellant was fully aware of the *fact* of his personal injuries and commenced an action to recover therefor. There was no mistake of fact. The mistake, if any, was a mistake of law.

■ Finally, the appellant contends that the release was not intended to include his claim for personal injuries. The release *specifically* includes personal injuries in the settle-

ment. Considering only the terms of the release, there can be no question as to the intent of the parties.

3 Elliott on Contracts 248, § 2061, states:

"Where a release is contractual and general in its terms and there is no limitation by way of recital or otherwise, the releasor may not prove an exception by parol; the instrument itself is the only competent evidence of the agreement of the parties, unless avoided for fraud, mistake, duress or some like cause. So, also, if the words of a release fairly import a general discharge, their effect may not be limited so as to exclude a demand simply upon proof that at the time of its execution the releasor had no knowledge of the existence of the demand."

Appellant cites the same section of this text [p. 249] in support of his contention that:

"But it is now a general rule in construing releases, . . . that general words . . . are to be limited to particular demands, where it manifestly appears, by the consideration, by the recitals, by the nature and circumstances of the several demands, to one or more of which it is proposed to apply the release, that it was so intended to be limited by the parties, and for the purpose of ascertaining that intent, every part of the instrument is to be considered. The general words in a release are limited always to that thing or those things which were especially in the contemplation of the parties at the time when the release was given; but a dispute that has not emerged, or a question which has not at all arisen, cannot be considered as bound and concluded by the anticipatory words of a general release, as where general words of release are immediately connected with a proviso, restraining their operation."

Here we are not concerned with general terms. The release specifically identifies a full and complete settlement of any and all personal injury claims, known or unknown. The recitals of the release specifically set out the nature and circumstances of the demands being released. There is nothing in the release from which an inference can be drawn, other than the inference that the parties intended to fully settle thereby both the personal injury and property damage claims.

In *Bakamus v. Albert*, 1 Wn. (2d) 241, 252, 95 P. (2d)

767 (1939), we said that a court of equity will limit a general release to matters contemplated by the parties at the time of its execution, but that that rule is not controlling when the release in question refers *specifically* to the matter being considered by the court.

None of the exceptions to the rule is available to appellent but that of mistake. Since the mistake claimed did not relate to a mistake of fact, it cannot afford appellant relief.

The judgment appealed from is affirmed.

ROSELLINI, SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.