[No. 3797-5-III.   Division Three.   June 4, 1981.]

*In the Matter of the Estate of*
DONALD E. GEER.

*Douglas D. Peters* and *Peters, Schmalz, Leadon & Fowler,* for appellant.

*W. L. Weigand, Lloyd L. Wiehl,* and *Lyon, Beaulaurier, Aaron, Weigand, Suko & Gustafson,* for respondent.

GREEN, J.—Donald Bruce Geer (Bruce Geer), personal representative of the decedent, Donald E. Geer's separate estate, appeals a judgment in favor of Joanne C. Geer as personal representative of the decedent's community estate. He assigns error to the court's granting Mrs. Geer's petition to rescind an agreement settling her claims to the estate and ordering distribution of the estate pursuant to the intestate statute, RCW 11.04.015, contrary to the decedent's antenuptial will. We affirm.

Donald E. Geer was married to Bonnie Geer for about 40 years. They had five children and accumulated property. Bonnie died in 1971. Prior to her death, Donald executed a will. It provided that upon his death if Bonnie did not survive him, all of his property would be divided equally among the five children except for a described residence which was bequeathed to a daughter. In 1973, Donald married Joanne. Each of them had separate property. Except for two joint accounts established after marriage, title to their respective properties remained unchanged. Donald did not change his will after marrying Joanne. In 1978, Donald died and his will was admitted to probate. The court appointed a son, Bruce Geer, to be the personal representative for decedent's separate estate and the surviving wife, Joanne, as the personal representative for the community estate.

The estate was appraised at $134,767 and consisted of separate and community property valued at $115,507 and $19,260, respectively. The attorney handling the probate

informed both personal representatives that Joanne was entitled to the joint bank accounts in which she held a right of survivorship and an undivided one–half interest in the community property. They were further advised that Joanne could petition for a homestead award of $20,000 in the separate and community property, which was discretionary with the court. The remaining estate would be distributed according to the will. Based upon this advice, on September 19, 1978, Joanne executed a written agreement to settle her homestead claim as well as any other claim she might have against the estate for the sum of $25,000. After this agreement was signed, counsel for the estate discovered he had given erroneous advice. He then consulted with both parties and informed them of the error. He advised them that because Joanne was not mentioned in the decedent's will she was entitled by statute to all of the community property and one–half of the separate property. Each party obtained different counsel.

Both parties, as personal representatives of the estate, jointly filed a final report and petitioned for a decree distributing the estate in accordance with the decedent's will and the September 19 settlement agreement. Joanne Geer subsequently disclaimed the settlement agreement and petitioned for an award in lieu of homestead, family allowance and the distribution to her of estate assets in accordance with the statute providing for intestate succession, RCW 11.04.015.[1] Although motions for summary judgment were filed by both parties, a hearing was held and evidence presented. The trial court was constrained to hold (1) the settlement agreement was without effect because it was executed on the erroneous advice of counsel; (2) decedent's

---

[1]RCW 11.04.015 provides:

"The net estate of a person dying intestate . . . shall descend . . . and shall be distributed as follows:

"(1) . . . The surviving spouse shall receive the following share:

"(a) All of the decedent's share of the net community estate; and

"(b) One–half of the net separate estate if the intestate is survived by issue; . . ."

will was revoked as to Joanne and she was awarded all of the decedent's share of the community estate and a one-half interest in the decedent's separate estate; and (3) the petition for homestead and family allowance was denied. From this decision, Bruce Geer appeals.

First, Mr. Geer claims the settlement agreement between himself and Joanne Geer is controlling and the court erred in declaring it void. He contends the mistake was one of law and, in the absence of fraud or some like cause, is not a ground for avoidance of the agreement. *Schwieger v. Harry W. Robbins & Co.*, 48 Wn.2d 22, 24, 290 P.2d 984 (1955). We find no error.

The rule in *Schwieger* has long been recognized.[2] However, it is generally limited to cases where a party misunderstands the legal consequences of his agreement. Where the parties are mistaken as to their antecedent rights, the rule has not been applied and such mistakes have been treated as mistakes of fact. *Morgan v. Bell*, 3 Wash. 554, 570–76, 28 P. 925 (1892); *Stahl v. Schwartz*, 67 Wash. 25, 33, 120 P. 856 (1912); *In re Estate of Novolich*, 7 Wn. App. 495, 501, 500 P.2d 1297 (1972); *Smith v. First Nat'l Bank*, 124 N.E.2d 851, 854 (Ohio Ct. Cl. 1954); *Baker v. Hardy*, 194 Miss. 662, 11 So. 2d 803 (1943); *Barr v. Payne*, 298 Mich. 85, 298 N.W. 460, 462 (1941); *Turner v. Washington Realty Co.*, 128 S.C. 271, 122 S.E. 768 (1924); Annot., *Relief in Equity From Mistake of Law*, 75 A.L.R. 896, 897 (1931). Here, both parties negotiated a settlement of Mrs. Geer's right to estate property and the agreement was entered into upon the admittedly erroneous advice of the attorney for the estate.[3] Both parties assumed Mrs.

---

[2]Textbook writers indicate that while the rule is often stated, it has been common for courts to find exceptions. W. DeFuniak, *Equity* 234 (2d ed. 1956); H. McClintock, *Equity* § 92 (2d ed. 1948); A. Corbin, *Contracts* § 616, at 746 (1960); 13 S. Williston, *Contracts* § 1583 (3d ed. 1970).

[3]We note that Mr. Geer claims that neither party relied upon the attorney's advice. However, this contention is not supported by the record. It is apparent both parties had the advice in mind while negotiating the agreement. Bruce Geer points out that Mrs. Geer initially testified she knew she was entitled to more

Geer was only entitled to a one–half interest in the community property, all of the joint bank accounts, and a possible homestead right. In fact, she was also entitled to the remaining community property and one–half of the decedent's separate property. It is apparent the parties were mutually mistaken as to their antecedent rights which formed the basis of the agreement. There was no mistake as to its legal consequences. The mistake should therefore be treated as one of fact and the court properly voided the agreement.

Second, Mr. Geer contends the court erred in concluding the decedent's will was revoked pursuant to RCW 11.12-.050. That statute states:

> If, after making any will, the testator shall marry and the spouse shall be living at the time of the death of the testator, such will shall be deemed revoked as to such spouse, unless provision shall have been made for such survivor by marriage settlement, or unless such survivor be provided for in the will or in such way mentioned therein as to show an intention not to make such provision, and no other evidence to rebut the presumption of revocation shall be received. A divorce, subsequent to the making of a will, shall revoke the will as to the divorced spouse.

He contends the decedent and Mrs. Geer entered into a marriage settlement and, therefore, this statute did not revoke the will. In support of this contention, evidence was offered that the parties established two joint bank accounts after they married. Testimony was offered of conversations between the decedent, Joanne Geer, Bruce Geer, and other heirs relating to how the decedent expected his property to be distributed. The court concluded these conversations were barred by the deadman's statute, RCW 5.60.030. Mr.

---

when she entered into the agreement. However, Mrs. Geer also testified this statement was based upon the advice of a farmhand and she paid no attention to him because she had full faith in her legal counsel.

Geer contends the court erred in excluding this testimony[4] and concluding a marriage settlement had not been proved. We find no error.

■ There was no admissible evidence of a marriage settlement. Testimony concerning conversations between the decedent and his heirs concerning his property distribution was properly ruled inadmissible because the witnesses had a direct interest in the outcome of the proceedings. *In re Estate of Tate*, 32 Wn.2d 252, 201 P.2d 182 (1948). Further, as stated by the trial judge:

> [T]estimony regarding family background, the relationship between petitioner and decedent and testimony of Respondent Bruce Geer relating to his "feelings and impressions" . . . simply does not establish the existence of a "marriage settlement", let alone the terms of a post nuptial agreement. Furthermore, most of that testimony, and perhaps all of it, would be inadmissible under the terms of RCW 11.12.050, Supra. This statute which provides that where a testator, after making a will, marries, such will shall be deemed revoked unless provision shall have been made for such survivor by marriage settlement, then provides ". . . *and no other evidence to rebut the presumption of revocation shall be received.*" The statute clearly provides that the existence and terms of a marriage settlement is the only evidence which the court can consider to rebut the presumption of revocation of the will.

*See also Dwelley v. Chesterfield*, 88 Wn.2d 331, 334–35, 560 P.2d 353 (1977). With respect to the joint bank accounts, the trial judge appropriately noted that the setting up of these accounts "in and of itself, does not establish, by inference or otherwise, that the decedent intended such accounts as a marriage settlement." The findings and conclusions are supported by substantial evidence and will not be disturbed.

■ Finally, both parties seek attorneys' fees on appeal

---

[4]Mr. Geer also claims objection to these conversations was waived because it was not timely made and counsel cross-examined the witnesses. These contentions are not supported by the record and are therefore without merit.

under RCW 11.48.210. That statute provides:

An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor out of the estate . . .

We do not find this statute applicable. This action is a contest between beneficiaries as to how the estate should be distributed. The estate was the stakeholder in the contest. Moreover, we note the question of attorneys' fees was not raised at trial and is raised here for the first time. The request is denied.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied July 3, 1981.

Review denied by Supreme Court September 25, 1981.