[No. 4349–5–III.   Division Three.   May 6, 1982.]

*In the Matter of the Estates of*
NEAL C. WAHL, ET AL.

JOHN MONAHAN, ET AL, *Appellants,* v. CHARLES
T. SHARP, *as Personal Representative,*
ET AL, *Respondents.*

*Richard Blumberg* and *Mrak & Blumberg,* for appellants.

*Jay R. Jones,* for respondents.

GREEN, J.—The beneficiaries under Rose Wahl's will appeal an order granting summary judgment against them. One question is presented: Does a genuine issue of material fact exist as to whether a community property agreement was mistakenly executed?

In 1952 Neal and Rose Wahl were married. On November 7, 1962, Neal executed a will in which he bequeathed all his estate to Rose if she survived. If she did not survive him, then his estate would go to his sister, Alberta Schwartz. The will also provided:

For the purposes of construing this will I direct that a person shall not be deemed to survive me if such person dies within 90 days of my death, . . .

On October 17, 1963, Rose executed her will in which she bequeathed her estate to Neal if he survived her and in the event he did not survive her, to her two brothers John and William and her deceased brother Joseph's six children. Her will also provided:

For the purpose of construing the provisions of this will I direct that a person shall not be deemed to survive me if such person dies within 90 days after my death.

Subsequently, on September 19, 1974, on the advice of their attorney, Charles T. Sharp, Rose and Neal executed a community property agreement. It was a standard form agreement and provided

> that upon the death of either of the parties hereto, title to all community property as defined in the preceding paragraph shall immediately vest in fee simple in the survivor of them.

On that same day Rose and Neal also executed codicils in which they expressly reaffirmed all the provisions of their wills and designated Mr. Sharp as alternate executor.

On January 25, 1980, Rose died. After her death, Neal attempted to write a holographic will which devised most of their combined estates to Rose's nieces and nephews. This holographic will was ineffective because it was never properly executed. Neal died on March 21, 1980, less than 90 days after Rose's death.

Mr. Sharp was appointed executor of Neal's will and promptly advised Mrs. Schwartz that she was the sole beneficiary of the estate by reason of the community property agreement. As a result, Rose Wahl's relatives, who were the beneficiaries under her will, filed a complaint and petition for declaration of their interest in the decedent's estate.

In preparation for trial, Mr. Sharp, the attorney who drafted the wills, codicils and community property agreement, was deposed. He testified he failed to realize the community property agreement might be construed inconsistently with the wills. After other depositions and affidavits were taken and filed, Mr. Sharp and Alberta Schwartz moved for summary judgment which was granted.

Rose's relatives appeal. They contend a genuine issue of material fact exists as to whether the community property agreement was mistakenly executed. We agree.

■ Summary judgment is improper where, even though evidentiary facts are not in dispute, different inferences may be drawn therefrom as to ultimate facts, such as intent or knowledge. *Preston v. Duncan,* 55 Wn.2d 678, 681, 349 P.2d 605 (1960); *Sanders v. Day,* 2 Wn. App. 393, 398–99,

468 P.2d 452 (1970). All reasonable inferences must be viewed in a light most favorable to the nonmoving party. *Klinke v. Famous Recipe Fried Chicken, Inc.,* 94 Wn.2d 255, 256, 616 P.2d 644 (1980).

■ A community property agreement is a contract. *In re Estate of Dunn,* 31 Wn.2d 512, 526, 197 P.2d 606 (1948); *Norris v. Norris,* 25 Wn. App. 290, 295, 605 P.2d 1296, *aff'd,* 95 Wn.2d 124, 622 P.2d 816 (1980); *In re Estate of Lyman,* 7 Wn. App. 945, 948, 503 P.2d 1127 (1972); *see also In re Estate of Ford,* 31 Wn. App. 136, 639 P.2d 848 (1982). Therefore, the rules of contract interpretation apply.

■ In construing a contract, the intention of the parties will be given great, if not controlling, weight. *Langan v. Valicopters, Inc.,* 88 Wn.2d 855, 859, 567 P.2d 218 (1977); *Kennedy v. Weyerhaeuser Timber Co.,* 54 Wn.2d 766, 344 P.2d 1025 (1959).

> Determination of the intent of the contracting parties is to be accomplished by viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties. *Jacoby v. Grays Harbor Chair & Mfg. Co.,* 77 Wn.2d 911, 468 P.2d 666 (1970); *Ramsey v. Sedlar,* 75 Wn.2d 901, 454 P.2d 416 (1969); *Schauerman v. Haag,* 68 Wn.2d 868, 416 P.2d 88 (1966); *Dickson v. Hausman,* 68 Wn.2d 368, 413 P.2d 378 (1966).

*Stender v. Twin City Foods, Inc.,* 82 Wn.2d 250, 254, 510 P.2d 221 (1973); *see also Eagle Ins. Co. v. Albright,* 3 Wn. App. 256, 266, 474 P.2d 920 (1970). This rule has been applied to community property agreements. *In re Estate of Brown,* 29 Wn.2d 20, 28, 185 P.2d 125 (1947).

■ Applying the above rules to the facts before us, we hold the trial court erred in granting summary judgment. The provisions of the community property agreement are not controlling and it, along with the wills and their codicils and the surrounding circumstances, must be construed together to determine the intent of Rose and Neal Wahl. This presents a question of fact. *Turner v. Wexler,* 14 Wn.

App. 143, 146, 538 P.2d 877 (1975).

Another question of fact exists as to whether the Wahls were mistaken as to the consequences of the community property agreement upon the survivorship clauses in their wills. *In re Estate of Novolich,* 7 Wn. App. 495, 501, 500 P.2d 1297 (1972). An additional issue is whether the documents that were executed should be reformed to reflect the Wahls' intent in view of their inconsistency, admitted by Mr. Sharp, who prepared them. 3 A. Corbin, *Contracts* § 619, at 763–66 (1967); *see also* 13 S. Williston, *Contracts* § 1588 (3d ed. 1967).

Reversed and remanded for trial.

MUNSON, J., concurs.

ROE, A.C.J. (concurring)—I concur in the majority opinion that summary judgment was inappropriate. If Rose Wahl's testamentary heirs had moved for summary judgment in their favor, it should have been granted because all of the facts are present before the court.

Lay people are encouraged to look to lawyers for advice regarding disposition of their property upon death. Neal and Rose Wahl were of one mind respecting this matter. They executed wills in 1962 and 1963 respectively providing for a 90–day survival period before the survivor would receive the deceased spouse's estate. This is to be expected because they had no children and had only collateral heirs. This was reaffirmed some 10 years or more later when they executed a codicil. At the same time they executed a community property agreement which, if effective, would defeat the 90–day provision. The only available evidence of the intent of these apparently inconsistent actions was of the attorney who drew them who stated that such legal effect did not occur to him. So, of course, the Wahls did not know of the inconsistency and the frustration of the codicil they had just executed. Any other interpretation would make their acts on that day irrational.

A community property agreement is just another con-

tract, subject to the same tests, infirmities and problems of any contract if it does not truly reflect the intent of the contracting parties. If there is a mistake of fact, the contract is not effective. As found in *In re Estate of Geer,* 29 Wn. App. 822, 629 P.2d 458 (1981), a mistake of law is not grounds for avoidance of an agreement in the absence of fraud or some like cause. This rule is limited to cases where a party misunderstands the legal consequences of his agreement; where the parties are mistaken as to their antecedent rights, the mistake of law rule has not been applied, and such mistakes are treated as mistakes of fact. *Geer, supra.* In that case both parties negotiated a settlement involving an estate upon the admittedly erroneous advice of the attorney for the estate. Since the parties were mutually mistaken as to their antecedent rights, the court properly voided the agreement. I am compelled to conclude that Neal and Rose Wahl were obviously mistaken as to their rights to inherit under the will and codicil since, in executing the community property agreement the same day, they were not advised of the legal effect of that agreement. Thus, since Neal Wahl has not survived 90 days, Rose Wahl's estate should pass to her heirs under the will, which was not only her intent, but also the intent of her husband Neal, as expressed in the abortive holographic will.

Reconsideration denied June 16, 1982.

Review granted by Supreme Court September 24, 1982.